United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

Mack Davis,

    Defendant.
_____/

Case No. 4:24-cr-20375

Hon. F. Kay Behm

# Plea Agreement

The United States of America, by and through its attorneys in the United States Attorney's Office for the Eastern District of Michigan and the Criminal Section of the Department of Justice's Civil Rights Division (collectively, the "Government"), and the defendant, Mack Davis, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.      Count of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Count One of the Superseding Information. Count One charges the defendant with hate crime acts under 18 U.S.C. § 249(a)(2)(A)(ii)(II).

Page **1** of **19**

**2. Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count One | Term of imprisonment: | Any term of years or life |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 5 years |

**3. Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the Government will move to dismiss the charges in the indictment against the defendant in this case.

**4. Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the Government will not bring a charge under 18 U.S.C. § 924(c) against the defendant for the conduct reflected in the factual basis.

**5. Elements of Count of Conviction**

The elements of Count One are:

1) The defendant willfully attempted to cause bodily injury to any person through the use of a firearm;

2) The defendant acted because of the actual or perceived sexual orientation of any person;

3) The defendant used a channel, facility or instrumentality of interstate or foreign commerce in connection with the offense, the defendant employed a firearm that had previously traveled in interstate or foreign commerce in connection with the offense, or the offense otherwise affected interstate and foreign commerce; and

4) The offense involved an attempt to kill.

**6.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From in or about April 2024, through on or about June 17, 2024, in the Eastern District of Michigan, the defendant, Mack Davis, attempted to cause bodily injury to individuals associated with a political party headquarters ("Location 1") and a bar ("Location 2") in Owosso, Michigan through the use of a firearm, because of the actual or perceived sexual orientation of individuals associated with these locations. Specifically, Davis attempted to commit a mass killing of individuals at Location 1 and Location 2, a process he had documented

in journals and online manifestos. Davis chose Location 1, which had a prominent gay pride flag in its front window, because, as Davis wrote, it would be "filled with far left liberal, faggot scum." He chose Location 2 because he believed it to be a gay bar frequented by gay patrons, which Davis described in his writings as "a faggot bar."

As part of his attempting to commit the bias-motivated killing at Location 1 and Location 2, Davis researched both locations online, conducted physical surveillance of both locations, and posted about his research and surveillance on Discord, an online communication platform. Davis also made written "Mission Needs" and "Mission Haves" lists in his journal, identifying weapons and tactical gear that he either wanted or already owned in order to carry out his mass killing. By June 17, 2024, the mass-shooting was imminent, as Davis had crossed off all of the items on his "Mission Needs" list and acquired materials including two firearms, magazines, hundreds of rounds of ammunition, a crossbow and arrows, assorted bomb-making parts, smoke grenades, tactical gear and clothing, and several knives (one of which was inscribed by Davis with the phrase "FAGGOT Killer" on the blade). By that date, Davis also had shortened the barrel of one of his

firearms, a .22 caliber rifle, so that it would be more easily concealed in a backpack for his mass killing. On June 17, 2024, Davis also had completed test-firing the short-barreled rifle when he fired approximately 60 bullets into several of his neighbors' properties, including into the vehicle of neighbors whom he knew to be gay. Just days earlier, Davis also had spray-painted that vehicle with the word "fag."

The firearms Davis acquired for the mass killing had traveled in interstate and foreign commerce, and he used the internet and interstate mail system in connection with his attempted mass killing.

Davis took the above actions because of the actual or perceived sexual orientation of individuals associated with Location 1 and Location 2.

**7. Advice of Rights**

The defendant has read the Superseding Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the Government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

## 8. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The Government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the Government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the Government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the Government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| | | |
|---|---|---|
| 2H1.1(a)(1); 2A2.1(a) | Attempted Murder, First Degree (by cross reference, because the underlying offense is attempted murder) | 33 |
| 3A1.1(a) | Hate Crime Motivation (because the defendant intentionally selected victims because of the actual or perceived sexual orientation of any person) | +3 |

### D. Parties' Obligations

Both the defendant and the Government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations in paragraphs 9.B or 9.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations in paragraphs 9.B and 9.C. The Government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Agreement

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the Government recommends that the defendant's sentence of

imprisonment not exceed the top of the defendant's guideline range as determined by the Court or 168 months, whichever is greater.

### 2. No Right to Withdraw

The Government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the Government's recommendation. The Government likewise has no right to withdraw from this agreement if the Court decides not to follow the Government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the Government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the Government's agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from Government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by Government counsel.

## F.  Abandonment of Interest

Defendant hereby agrees to the abandonment of any ownership rights and interest he may have in the following firearms, related ammunition, and other weapons seized by law enforcement officers on June 17, 2024, from his residence in Owosso, Michigan:

1. a Rossi .22 caliber rifle bearing serial number 7CA213982P;

2. a sawed-off 12-gauge shotgun bearing serial number C1429712;

3. all magazines;

4. all ammunition;

5. all knives;

6. all crossbows and arrows; and

7. assorted bomb-making parts.

Defendant agrees to not contest the abandonment of his interest in the above-described firearm, related ammunition, and other weapons and agrees to sign an abandonment form upon presentation of the form by the United States at, or any time before, his sentencing in this case. Defendant knowingly, voluntarily, and intelligently waives any challenge to the abandonment of the above-described firearm and ammunition.

G. **Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

**11. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court or 168 months, whichever is greater, the defendant also waives any right he may have to appeal his sentence on any grounds.

**12. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the Government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the Government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the Government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**14.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the Government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15.    Parties to Plea Agreement**

This agreement does not bind any Government agency except the United States Attorney's Office for the Eastern District of Michigan and the Criminal Section of the Civil Rights Division, U.S. Department of Justice.

**16.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the Government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 12:00 p.m. on December 17, 2024. The Government may withdraw from this agreement at any time before the defendant pleads guilty.

|  |  |
|---|---|
| *Anthony P Vann* | *F__*  |
| Anthony Vance | Frances Carlson |
| Chief, Branch Offices | Public Corruption and Civil Rights |
| Assistant U.S. Attorney | Assistant U.S. Attorney |
|  | Dawn N. Ison |
|  | United States Attorney |

|  |  |
|---|---|
| *Erin* | *C.W.R.* |
| Erin Monju | Christopher W. Rawsthorne |
| Trial Attorney | Assistant U.S. Attorney |
| Civil Rights Division |  |

Dated: ~~12/15/2024~~ 12/17/2024

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

|  |  |
|---|---|
| *Bryan Sherer* | *Mack Davis* |
| Bryan Sherer | Mack Davis |
| Attorney for Defendant | Defendant |

Dated: 12-16-2024